IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3648 |
| | : | |
| v. | : | |
| | : | |
| NANCY B. ROMANO, BRIAN S. JONES, WILLIAM M. PAUL, BRUCE K. MENEELY, HARRY J. NEGRO, DOUGLAS H. SHULMAN, MARK W. EVERSON, CHARLES O. ROSSOTTI, JOHN KOSKINEN, DAVID J. KAUTTER, MEGAN J. BRENNAN, THOMAS J. MARSHALL, STEVEN TERNER MNUCHIN, all in their official and individual capacities, and IRS OFFICE OF CHIEF COUNSEL, | : | |
| Defendants. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                    September 24, 2018

The *pro se* plaintiff has filed an application to proceed *in forma pauperis* and a proposed complaint in which he alleges that numerous current and former members of the Internal Revenue Service provided false information about him to the Social Security Administration. The plaintiff appears to allege that this false information injured him by affecting his health benefits. He has set forth four state law causes of action for which he seeks monetary damages and various forms of declaratory and injunctive relief.

As explained in more detail below, although the plaintiff attempts to invoke this court's diversity jurisdiction to hear his claims, he has not included any allegations about the citizenship of any defendant. Accordingly, although the court will grant the plaintiff's application to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice to the plaintiff

filing an amended complaint to the extent that he can include allegations that would invoke this court's subject-matter jurisdiction.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Edward Thomas Kennedy ("Kennedy"), commenced this action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint on August 24, 2018. *See* Doc. Nos. 1, 2. In the complaint, Kennedy alleges that he "is one of the people of Pennsylvania" and is seeking to invoke this court's diversity jurisdiction. *See* Pl.'s Original Compl. ("Compl.") at 2. He is seeking to have this court "Order Defendants to Stop violating [his] privacy, and stop harming [him] and pay to [him] damages for his injuries described herein." *Id.* at 2-3.

Regarding the named defendants, Kennedy alleges that the defendants, William M. Paul, Bruce K. Meneely, Nancy B. Romano, Harry J. Negro, and Brian S. Jones, are "debt collectors and other defendants are their bosses and/or agents." *Id.* at 3. The defendants, Thomas J. Marshall and Megan J. Brennan, "are agents, and their services were used to injure [him]." *Id.* The defendants, Douglas H. Shulman, Mark W. Everson, Charles O. Rossotti, John Koskinen, and David J. Kautter, "are current or past Commissioners at the debt collector Internal Revenue Service."[1] *Id.* The final individual defendant, Steven Terner Mnuchin, "is the boss of the Bar Attorney Defendants and is responsible for all injuries and damages done to Kennedy by Defendants and Defendant IRS Office of General Counsel and its employees." *Id.* at 4. Kennedy collectively refers to all of the defendants as "Bandits." *Id.*

Kennedy claims that the named defendants gave false data about him to the Social Security Administration at its Philadelphia office. *See id.* at 3. Although unclear, it appears that

---

[1] Kennedy claims that the IRS "is not licensed in the Commonwealth of Pennsylvania as a debt collector." Compl. at 3, n.1.

this information resulted in Kennedy having to pay a higher premium for medical insurance under Medicare Part B. *See id.* at Ex. B. Kennedy appears to describe this action as him being "involuntarily . . . charged with a fake invoice debt based on fake information by Defendants before a court of record and not a nisi prius court." *Id.* at 6.

Kennedy also asserts that

> [e]ach Bandit exceeded their jurisdiction by either directly, through an employee and/or agent, or in concert with another did cause [him] to be unlawfully injured against his will, without jurisdiction or good cause. Said Bandits, without good cause, harmed [him]. From the moment he was harmed till the present, [he], under color of law, was kept in financial and constructive imprisonment. Although [he] objected to the assumed jurisdiction, those who kept him imprisoned under color of law did not respond to any of his demands and requests for proof of jurisdiction or for reinstatement of his liberty or the return of stolen property from [him]. They continued to assume the jurisdiction without proof of jurisdiction or any attempt at proof of jurisdiction. [He] continues to be subject, under color of law, to the assumed jurisdiction, will and control of the Bandits.

*Id.* at 4-5. Due to the defendants' actions, Kennedy "was deprived [of] health protection, his liberty and privacy." *Id.* at 5.

Based on the aforementioned allegations, Kennedy asserts four causes of action: (1) trespass, (2) trespass on the case, (3) "trespass on the case—vicarious liability," and (4) intentional infliction of emotional distress. *See id.* at 4-9. He seeks monetary damages under multiple avenues for recovery; as examples, he seeks (1) $5,000 for every time that each defendant failed to act to prevent his injuries or $500,000.00, whichever is greater, and (2) $1,000 for each day of "unlawful behaviors for each defendant, or $500,000.00, whichever is greater," and (3) $5,000,000.00 for the defendants' intentional infliction of emotional distress. *See id.* at 9-10. He also seeks various declaratory judgments and forms of injunctive relief. *See id.* at 10-11.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that he or she is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

4

Here, after reviewing the IFP Application, it appears that Kennedy is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.      Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Kennedy leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard

5

used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)). The court will not consider conclusory or naked assertions when determining whether a plaintiff has set forth a plausible cause of action. *See Iqbal*, 556 U.S. at 678. The court may consider matters of public record. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Kennedy bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## C. Analysis

As noted above, Kennedy asserts only state-law claims and invokes this court's diversity jurisdiction to hear the case. The diversity jurisdiction statute grants a district court subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

Here, while Kennedy generally asserts that he "is one of the people of Pennsylvania," *see* Compl. at 1, he does not include any allegations about the citizenship of any of the defendants. Therefore, Kennedy has failed to plead that this court has subject-matter jurisdiction over this action because he has failed to include sufficient allegations to establish the citizenship of the parties so that the court can determine that the parties are completely diverse for purposes of section 1332(a).[2]

## III. CONCLUSION

As explained above, the court finds that Kennedy cannot prepay the costs of suit and will grant the IFP Application. The court will also dismiss the complaint without prejudice for lack

---

[2] The defendants in this action are individuals. For diversity jurisdiction purposes, an individual is a citizen of the state where he or she is domiciled, meaning the state where the individual is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) ("A party's citizenship is determined by her domicile, and the domicile is his true, fixed and permanent home and place of habilitation. It is the place to which, whenever he is absent, he has the intention of returning." (citation and internal quotation marks omitted)).

of subject-matter jurisdiction, and will give Kennedy a period of 30 days to file an amended complaint in the event he can cure the defects in the complaint identified above.

    The court will enter a separate order.

                                    BY THE COURT:

                                    /s/ *Edward G. Smith*
                                  EDWARD G. SMITH, J.