IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-3648 |
| | : | |
| v. | : | |
| | : | |
| NANCY B. ROMANO, BRIAN S. JONES, WILLIAM M. PAUL, BRUCE K. MENEELY, HARRY J. NEGRO, DOUGLAS H. SHULMAN, MARK W. EVERSON, CHARLES O. ROSSOTTI, JOHN KOSKINEN, DAVID J. KAUTTER, MEGAN J. BRENNAN, THOMAS J. MARSHALL, STEVEN TERNER MNUCHIN, all in their official and Individual capacities, and IRS OFFICE OF CHIEF COUNSEL, | : : : : : : : : : : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 9th day of November, 2018, the *pro se* plaintiff, Edward Thomas Kennedy ("Kennedy"), having filed an application for leave to proceed *in forma pauperis* and a proposed complaint on August 24, 2018, *see* Doc. Nos. 1, 2; and the court having entered a memorandum opinion and order on September 24, 2018, which, *inter alia*, (1) granted the application for leave to proceed *in forma pauperis*, (2) dismissed the complaint without prejudice for lack of subject-matter jurisdiction, (3) provided Kennedy with a period of 30 days to file an amended complaint which would include allegations establishing the court's jurisdiction under 28 U.S.C. § 1332(a), and (4) advised Kennedy that if he did not file a timely amended complaint, the court may dismiss the case for lack of prosecution, *see* Doc. Nos. 5, 6; and

**KENNEDY HAVING FAILED** to timely file an amended complaint;[1] accordingly, it is hereby **ORDERED** as follows:

1.  This action is **DISMISSED**;[2] and

    2.    The clerk of court shall mark this matter as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Although the court provided Kennedy with 30 days to file an amended complaint, he was entitled to an additional three days to file an amended complaint because the clerk of court served the court's September 24, 2018 order and memorandum opinion upon him by mail. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made upon Rule 5(b)(2)(C) (mail) . . ., 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 5(b)(2)(C) (providing for valid service of certain pleadings and other papers by "mailing it to the person's last known address—in which event service is complete upon mailing"). In addition, as the 33rd day of the period, *i.e.* October 27, 2018, fell on a Saturday, Kennedy technically had until Monday, October 29, 2018, to file the amended complaint. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

Although Kennedy failed to file an amended complaint, he did file a document titled, "Notice and Suspension," in which he attempts to suspend the undersigned from administering this action. *See* Doc. No. 7.

[2] The circumstances of this matter present an interesting issue insofar as Kennedy has failed to file an amended complaint and, as such, there is no operative pleading and the court cannot discern that the court has subject-matter jurisdiction over this action. Any dismissal for lack of subject-matter jurisdiction should be without prejudice. *See In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997) (explaining that dismissal for lack of subject-matter jurisdiction "will . . . be without prejudice" because "[i]f a court . . . determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits").

Despite the above, the court provided Kennedy with leave to file an amended complaint and he has failed to comply with this court's order or continue prosecuting this action. Therefore, a dismissal with prejudice for lack of prosecution would also be appropriate. In this regard, Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court may also *sua sponte* dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the orderly and expeditious disposition of cases." *Allen v. Am. Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

Ordinarily, district courts in the Third Circuit must decide whether to dismiss an action with prejudice for lack of prosecution by evaluating the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. N.J. Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). Kennedy's failure to file an amended complaint, however, warrants dismissal of this action for lack of prosecution without considering the *Poulis* factors. *See Allen*, 317 F. App'x at 181 ("The refusal to file an amended complaint, would have left the District Court uncertain of the contours of Allen's claims. Under these particular circumstances, we do not think it was error that the District Court did not explicitly weigh the *Poulis* factors."); *see also Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007) (explaining that where "a litigant's conduct makes adjudication of the case impossible . . . balancing under *Poulis* is unnecessary").

Even if the court were to analyze Kennedy's failure to prosecute under the *Poulis* factors, dismissal would still be appropriate. In *Poulis*, the Third Circuit set forth six factors for the court to consider in determining whether to dismiss an action with prejudice for the failure to prosecute. The six factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. *See Poulis*, 747 F.2d at 868 (setting forth factors). The court will address each of these factors in turn.

The first, fifth, and sixth factors weigh in favor of dismissal. The first factor is the extent of the party's personal responsibility. Here, Kennedy is personally responsible for his failure to prosecute and his failure to comply with the court's order requiring him to file an amended complaint. He is prosecuting this matter in a *pro se* capacity and has no one else to blame for his failure to take action in this case. *See Clarke v. Nicholson*, 153 F. App'x 69, 73 (3d Cir. 2005) (per curiam) ("[U]nlike a situation where dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). There is no indication that a third party is responsible for Kennedy's failure or that he has somehow not received notice of his obligation to file an amended complaint in this case. For example, the clerk of court did not receive a returned envelope from the United States Postal Service indicating that the court's September 24, 2018 memorandum opinion and order was undeliverable. Further, the court informed Kennedy that the failure to timely file an amended complaint may result in dismissal of the action for failure to prosecute. Therefore, as Kennedy is personally responsible for failing to prosecute this case and knew that the court could dismiss his case for such a failure, this first factor weighs in favor of dismissal.

The fifth factor is the effectiveness of sanctions other than dismissal. With respect to this factor, "sanctions less than dismissal [are] ineffective when a litigant . . . is proceeding *pro se* and in forma pauperis." *Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) (per curiam). Here, Kennedy is proceeding *pro se* and *in forma pauperis*, so the threat of monetary compliance (including fines, costs, or payment of attorney's fees) is unlikely to prompt compliance. Also, when a *pro se* plaintiff fails to prosecute his action, any sanction other than dismissing the action would be inappropriate. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008).

The sixth factor is the meritoriousness of the claim or defense. When evaluating this factor, courts must apply the Rule 12(b)(6) standard for addressing motions to dismiss. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). While conducting this review, the court must liberally construe the allegations in the operative complaint because the plaintiff is proceeding *pro se*. *Higgs v. Attorney Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011). Here, Kennedy's allegations about the defendants' purported unlawful conduct appear to lack legal merit, especially when considering the state-law causes of action he is attempting to pursue.

With regard to the other factors, the second factor does not appear to be satisfied because the defendants have not been prejudiced with having to defend or take any other action in this matter yet. Kennedy also has not shown a history of dilatoriness which would satisfy the third factor. *See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (explaining that court can find pattern of dilatoriness where there has been "extensive or repeated delay or delinquency . . . such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders"). As for the fourth factor, this one is neutral because it appears possible that Kennedy has willfully failed to file an amended complaint as he has attempted to suspend the undersigned from presiding over this matter. While the court recognizes that "silence is ambiguous," *El-Hewie v. Paterson Pub. Sch. Dist.*, No. CIV. A. 13-5820, 2015 WL 5306255, at *4 (D.N.J. Sept. 10, 2015), Kennedy's action (or inaction) appears to go slightly beyond silence.

The court must now balance the aforementioned six factors. When balancing these factors, there is no "magic formula" or mathematical calculation used to direct a particular result. *Briscoe*, 538 F.3d at 263. In addition, the Third Circuit has provided additional guidance to district courts by admonishing that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). As the court balances the factors here, the court is mindful that dismissal "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Liggon-Reading v. Estate of Sugarman*, 659 F.3d 258, 260 n.1 (3d Cir. 2011) (citations omitted). In this case, the first, fifth, and sixth factors heavily weigh in favor of dismissal. Although the court recognizes that the defendants have not been prejudiced and that Kennedy has not demonstrated a history of dilatoriness, the other three factors outweigh these factors and the fourth factor— whether Kennedy's inaction is willful or in bad faith—is neutral. Accordingly, even if the court had to evaluate this case under *Poulis*, the court finds that upon balancing all of the *Poulis* factors dismissal is warranted and appropriate in this case.